UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELO EDMOND (A 216-927-947),

Petitioner,

v.

CHRISTOPHER CHESTNUT

Respondents.

No. 1:26-cv-07018-TLN-CKD

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner, a citizen of Haiti, entered the United States without inspection on December 28, 2020, along with his daughter and his pregnant wife. ECF No. 7-2 at 2. Shortly thereafter, U.S. Department of Homeland Security ("DHS") officials initiated removal proceedings against Petitioner and then released him "due to the inability to house him". Id. While living in the United States, Petitioner applied for temporary protected status (TPS). Id. ("The subject DOES have pending I-821 [application for TPS] with USCIS."). Petitioner's criminal history includes a February 19, 2023 charge under Florida Statute §784.041.2(a) for domestic battery by strangulation, which was dropped, and an August 2, 2026 charge under Florida Statute

§784.03.1(a)(1) for battery, which appears to be pending. ECF No. 7-4 at 7-8. On or about August 3, 2026, U.S. Immigration and Customs Enforcement ("ICE") officials detained Petitioner. ECF No. 7-2 at 2. Petitioner is currently detained at California City Immigration Processing Center and has not been given a bond hearing. Removal proceedings remain pending.

Petitioner filed a petition for writ of habeas corpus on September 2, 2026, alleging that his current detention without a hearing is unlawful and violates the Due Process Clause of the Fifth Amendment. ECF No. 1. Respondent maintains that 8 U.S.C. § 1225(b)(2)(A) governs Petitioner's detention, but acknowledges Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) and concedes that Petitioner is entitled to a bond hearing. ECF No. 7.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007). The Due Process Clause "protects individuals against two types of government action: violations of substantive due process and procedural due process." United States v. Quintero, 995 F.3d 1044, 1051 (9th Cir. 2021) (internal quotation omitted).

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v.

Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

**B. Statutory Immigration Framework**

"Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). The relevant detention statutes at issue here are 8 U.S.C. §§ 1225(b)(2) and 1226(a).

Under 8 U.S.C. § 1225, a noncitizen who arrives in the United States or is present in the U.S. but has not been admitted is treated as an applicant for admission. Jennings v. Rodriguez, 583 U.S. 281, 286 (2018). Noncitizens determined to be inadmissible under certain specific grounds are covered by § 1225(b)(1) and subject to expedited removal unless they demonstrate a credible fear of persecution, after which they are detained pending adjudication of their application for asylum. 8 U.S.C. § 1225(b)(1). All other applicants for admission not covered by § 1225(b)(1) fall under § 1225(b)(2). Those subject to § 1225(b)(2) "shall be detained" while placed in removal proceedings. 8 U.S.C. § 1225(b)(2)(A). The statutory mechanism for release from detention for an asylum applicant apprehended at the border is temporary release on parole "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); see also 8 C.F.R §§ 212.5(b), 235.3.

Noncitizens who are already present in the U.S. but are subject to removal proceedings may be detained pursuant to 8 U.S.C. § 1226(a). Unlike those detained under § 1225(b)(2), where detention is mandatory, those detained under § 1226(a) may be released on bond or conditional parole. 8 U.S.C. § 1226(a)(2).

**III. Analysis**

**A. Applicable Detention Statute**

Respondent's position that Petitioner is now subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) is contrary to recent Ninth Circuit precedent. Noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Because ICE detained Petitioner after he had been present in the U.S. for over

two years, § 1226 governs his current detention. Respondent has not alleged that Petitioner is subject to mandatory detention pursuant to § 1226(c), therefore the proper detention authority is §1226(a).

**B. Due Process**

In reviewing Petitioner's due process challenge, the Court turns first to the question of whether Petitioner has a protected liberty interest in freedom from detention. Numerous courts, including those in this district, have found that individuals paroled and/or released from ICE custody have a protected interest in remaining out of custody. See Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1176–77 (E.D. Cal. 2025); Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). Petitioner was released from custody in December 2020. For nearly six years, Petitioner remained "at liberty relying on that determination." F.S.S.M. v. Wofford, No. 1:25-cv-01518-TLN-AC, WL 3526671, at *5 (E.D. Cal. Dec. 9, 2025). Accordingly, the undersigned finds that Petitioner has a protected liberty interest and may invoke the Due Process Clause to seek relief in his individualized circumstances.

Having so found, the undersigned applies the framework articulated in Mathews v. Eldridge, 424 U.S. 319 (1976) to determine whether Petitioner's re-detention violated his due process rights. See Rodriguez Diaz, 53 F.4th at 1206-07 (assuming without deciding that the Mathews standard applies to a due process challenge to a noncitizen's ongoing detention). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

**1. Private Interest**

Turning to the first factor in Mathews, Petitioner has a strong liberty interest in maintaining his out-of-custody status. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due

Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Petitioner remained out of custody for nearly six years. During that time, he applied for temporary protected status. ECF No. 7-2 at 2. Petitioner's pursuit of lawful status and over half a decade of living freely in the U.S. support his private liberty interest. See Salazar v. Casey, No. 25-CV-2784, 2025 WL 3063629, at *4 (S.D. Cal. Nov. 3, 2025) ("Petitioner has an interest in…attending hearings to seek a visa."); Noori v. Larose, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *10 (S.D. Cal. Oct. 1, 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

**2. Risk of Erroneous Deprivation**

The second Mathews factor is "the risk of an erroneous deprivation of [Petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Mathews, 424 U.S. at 335. This factor favors Petitioner, as his re-detention required a pre-deprivation hearing in which the burden of proof lies with the government.

"Civil immigration detention, which is 'nonpunitive in purpose and effect[,]' is justified when a noncitizen presents a risk of flight or danger to the community." Omer G. G. v. Kaiser, 815 F. Supp. 3d 1098, 1106 (E.D. Cal. 2025) (quoting Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Courts in this circuit have found that the risk of erroneous deprivation is high when the noncitizen has not received a bond or custody hearing to determine whether there is any valid basis for detention after a prior release. Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1176–77 (E.D. Cal. 2025); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (quoting Singh v. Andrews, No. 1:25-cv-00801, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)). Respondent did not allege any changed circumstances that would justify re-detention.[1] Even if changed circumstances existed, a neutral adjudicator should have determined

[1] Respondent submitted criminal background documents indicating that Petitioner has pending criminal charges in addition to a prior arrest without a conviction and possible designation as a person of interest. ECF No. 7-4. Though the I-213 states that ICE "encountered [Petitioner] through a joint effort with the Orange County Sheriffs Office," (ECF No. 7-2 at 2), Respondent has not represented to this Court that ICE re-detained Petitioner due to the arrests or any alleged changed circumstances. Respondent's stated position is that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) but is entitled to a custody

whether such changed circumstances would now render Petitioner a danger or risk of flight. See Diouf v. Napolitano, 634 F.3d 1081, 1092 (9th Cir. 2011) ("[T]he risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial.")(abrogated on other grounds.)

Respondent implies that any infringement on Petitioner's liberty interests can be adequately addressed in a bond hearing. ECF No. 7. However, a post-deprivation hearing would place the burden on *Petitioner* to demonstrate that he does not pose a danger or flight risk. See Matter of R-A-V-P-, 27 I&N Dec. 803, 804 (BIA 2020) (citing Matter of Fatahi, 26 I&N Dec. 791, 795 n.3 (BIA 2016); Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006)). Moreover, Respondent has not provided any timeline for when such hearing might take place. Petitioner has already been detained for over two months without justification. Relying on an as-yet-unscheduled post-deprivation hearing where the Petitioner must justify release – rather than where Respondent must justify deprivation of acquired liberty interest – would risk further erroneous deprivation.

**3. Government's Interest**

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. "[T]he government has a strong interest in effecting removal, and in protecting the public from danger." Maksim v. Annex, No. 1:25-cv-00955-SKO (HC), 2025 WL 2879328, at *5 (E.D. Cal. Oct. 9, 2025) (citations omitted). Here, though, Respondent does not argue Petitioner is a flight risk or danger to the community.[2] They have not articulated any legitimate interest that would support arresting Petitioner without a pre-deprivation hearing in which it would have the opportunity to present evidence that Petitioner poses a danger or risk of flight. The effort and cost required to provide Petitioner with procedural

redetermination hearing. ECF No. 7.

[2] Though Respondent's form I-213 states that Petitioner was "recommended for detention based on bed space approval for significant threat to public safety" (ECF No. 7-2 at 3), Respondent has not made an explicit representation to this Court that Petitioner poses a danger to the community or risk of flight. ECF No. 7.

safeguards before re-detention would have been minimal. See D. L.C., 2026 WL 25511, at *5 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government." (quoting Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025)). Indeed, "it is likely that the cost to the government of detaining [Petitioner] pending any bond hearing would significantly exceed the cost of providing [him] with a pre-detention hearing." Pinchi v. Noem, 792 F. Supp. 3d at 1036.

The three Mathews factors weigh in Petitioner's favor and outweigh the government's interest in detention without first demonstrating that the detention was necessary to protect the community or ensure Petitioner's appearance. The undersigned therefore joins several district courts in concluding that a pre-deprivation hearing was required to satisfy due process. See Garcia v. Andrews, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025); Guillermo M.R. v. Kaiser, No. 25-cv-05436-RFL, 2025 WL 1983677, at *9 (N.D. Cal. July 17, 2025); Pinchi v. Noem, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019); Doe v. Becerra, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025); Diaz v. Kaiser, No. 3:25-cv-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025); Romero v. Kaiser, No. 22-cv-02508-TSH, 2022 WL 1443250, at *4 (N.D. Cal. May 6, 2022); Vargas v. Jennings, No. 20-cv-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020). The absence of such pre-deprivation hearing violates Petitioner's due process rights and warrants immediate release.

## IV. Recommendation

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be GRANTED.
2. Respondent be ORDERED to immediately RELEASE Petitioner Angelo Edmond (A 216-927-947) from custody.
    a. At the time of release, Respondent shall be required to return all of Petitioner's documents and possessions.
    b. Respondent shall not impose any additional restrictions on Petitioner unless such restrictions are deemed necessary at a future pre-deprivation hearing.

3. Respondent be ENJOINED AND RESTRAINED from re-detaining Petitioner absent compliance with constitutional protections which include, at a minimum:
   a. Pre-deprivation notice describing the change of circumstance(s) necessitating re-detention; and
   b. A timely pre-deprivation hearing at which the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight even after consideration of alternatives to detention, and at which Petitioner shall be permitted to have his counsel present.
4. The order not address the circumstances under which the government may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.
5. The Clerk of the Court be directed to serve California City Immigration Processing Center with a copy of any release order.
6. The Clerk of the Court be directed to enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets

/////

/////

/////

/////

/////

the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3edmo7018.imm.fnr